HENRY H. SNELLING, Respondent, *v.* JOHN T. HOWARD, Survivor, etc., Appellant.

The firm of J. H. & Son were agents for five steamships forming a line to California, having different owners, and each receiving the profits of its own labors, and being charged with its own expenses. They purchased coal for the use of said ships, giving the firm notes therefor. An action was brought upon the notes against the members of the firm and the different owners of the steamers jointly, claiming to charge the latter as dormant partners. By order of the court plaintiff was permitted to discontinue as to the owners, and upon trial the complaint was dismissed as to the other defendants. *Held*, error; that there was nothing in the nature of a partnership in the business relations between the owners of the steamers, and no joint or several liability upon their part upon the notes; that J. H. & Son were liable, both because there were no principals behind them to whom plaintiff could look for payment, and because they gave their firm notes with nothing upon them to indicate that

they did not assume a personal responsibility, and that plaintiff was not precluded from enforcing this liability by the fact of having attempted, in the first instance, to hold all the associates in the line liable as partners.

(Argued September 24, 1872; decided January term, 1873.)

APPEAL from order of the General Term of the Superior Court of the city of New York, reversing a judgment entered upon an order of Special Term, dismissing plaintiff's complaint and granting a new trial.

This action was brought upon two notes of $3,000 each, signed J. Howard & Son, of which firm defendant is survivor, dated April 10, 1850, payable eight months from date to the order of H. B. Tebbetts. Within a few days after the giving of the notes, the same were transferred by Tebbetts to Isaac T. Smith, who paid value for the same in an advance previously made, and received them without knowledge or information of any defence to the same, and after inquiry of the makers as to the consideration of the notes. They were transferred to the plaintiff after maturity. The notes were given for coal purchased by Howard & Son and for the freight on the same to California. The coal was purchased for the use of certain steamships, for which the firm of Howard & Son were agents. The plaintiff requested the court to charge that upon the evidence he was entitled to a verdict. He also requested to be allowed to go to the jury upon certain questions of fact. Both of these requests were refused, and the plaintiff excepted. The court dismissed the complaint, to which the plaintiff excepted. Other facts appear in the opinion.

*S. P. Nash* for the appellant. If the allegations of the original complaint were true, a good cause of action was established against the persons named therein. (*Bk. of Rochester* v. *Monteath*, 1 Den., 402; *Wright* v. *Hooker*, 6 Seld., 51.) The creditor has the option on discovering a partnership of suing the debtor separately or joining the dormant partner. (*N. Y. Dry Dock Co.* v. *Treadwell*, 19 Wend., 525, 527; *Nat. Bk.* v. *Thomas*, 47 N. Y., 15, 19.)

*George P. Smith* for the respondent. Parol evidence to show that the makers of the note acted as agents was inadmissible. (*Fenley* v. *Stewart*, 5 Sandf., 101; *Stackpole* v. *Arnold*, 11 Mass., 27; *Pentz* v. *Stanton*, 10 Wend., 271; *Hyde* v. *Paige*, 9 Barb., 150.) There was nothing on the face of the note to show that the makers acted as agents; hence they were personally liable. (*Evans* v. *Wells*, 22 Wend., 324; *Mills* v. *Hunt*, 20 id., 431; *Rankin* v. *De Forrest*, 18 Barb., 143; *Spencer* v. *Field*, 16 Mass., 42; Edwards on Notes, 83; Story on Notes, § 68; 16 Gray, 77.) There is no proof that when plaintiff took the note he had notice that any one but the maker was intended to be charged. (*Hyde* v. *Paige*, 9 Barb., 150; *Pentz* v. *Stanton*, 10 Wend., 271; 1 Parsons on Notes, 92; Story on Agency, § 155; 8 Cow., 31.) A ship's-husband or part owner has no authority to bind the owners by notes in his own name. (*Taber* v. *Cannon*, 8 Metc., 456; Abbott on Shipping, 108; *Williams* v. *Thomas*, 6 Esp., 18; Parsons on Part., 569.) A partner who gives his own note for the debt of a partnership will be personally liable. (*U. S. Bank* v. *Binney*, 5 Mason, 176; *Emly* v. *Lye*, 15 East, 7; *Faith* v. *Raymond*, 11 Ad. & Ell., 339; *Siffken* v. *Walker*, 2 Camp., 308; Pars. on Part., 215; Story on Part., 140.)

HUNT, C. The firm of Howard & Son were agents for the Empire City Line, as the defendant himself testified. This was the company, if there was such a one in existence, that was engaged in the business of running vessels to California.

There were three vessels upon the Atlantic side, and two upon the Pacific, each vessel having different owners, employed in the business of this line, the management of which was entrusted to the firm of J. Howard & Son. This firm purchased coal, from time to time, for the use of these steamers, sent it to the Isthmus or to California, to be used by each vessel as its necessities required, and each vessel was charged with the coal received by it. The coal for which, and the freight upon

which the notes in suit were given, was purchased for this purpose.

I am of the opinion that the decision of the General Term, ordering a new trial, was right for two reasons.

In the first place, I do not see that there is or was any principal standing behind the firm of Howard & Son, to whom the seller could have looked for the payment of these notes. If the Empire City Line was anything more than a myth; if it was a company or a corporation, consisting of the owners of the several vessels named; if the plaintiff had sought to subject some supposed principals, as he endeavored to do at first, who would he have sued? Probably those that he did sue, by Charles Morgan and others alleging that they were the charterers of the steamer Sarah Sands, James E. Kuntz and others alleging that they were the owners of the steamer New Orleans, and Jacob Vanderbilt and others alleging that they were the owners of the steamer Northerner. He would then have alleged, as he did, that these vessels formed a line to California, and that the business respecting the same was transacted in New York by Howard & Son, who contracted for stores and coal, and these notes were given for coal for the use of these vessels. The plaintiff abandoned this mode of proceeding, and I think wisely. The defendant Howard and other witnesses testified that each of these vessels had different owners, that each received the profits of its own labors, and that each was charged with its own expenses. Although managed by a common agent, there was no community of interest. There was nothing in the nature of a partnership in the business. If the purchase for which the notes in suit were given amounted to 2,000 tons of coal, for what amount or proportion would it be claimed that the owner of the ship Sarah Sands would be liable? The theory of the defence must be that they would be liable for the whole amount, else there would be no principal and no agent. But how can Mr. Morgan, who is an owner of that vessel, be liable for coal furnished to and consumed by other vessels in which he had no interest, and for whose debts he had not undertaken to be liable? Nor

is there any principle of apportionment on which they would be liable. Their vessel is one of those on the Pacific side, but she may consume much less coal than any other, and she may never have used a pound of the coal in question. Howard & Son bought 30,000 tons of coal in all, and there is no evidence that any portion of the coal bought of Mr. Tebbetts ever was used by the Sarah Sands. If there is any liability on the part of either of these vessels or their owners for coal furnished, it must be in a several action and upon proof of a purchase for them by their agent, and the use of the same on their vessel. It must be also upon the contract for coal furnished for their vessel, and not upon a note given for coal purchased generally to be used by any vessel that might need it.

But in the second place, Howard & Son gave their own personal notes for this debt, with nothing upon them to indicate that they do not assume a personal responsibility. The notes are in the ordinary form of negotiable notes, payable to the order of Mr. Tebbetts at a time specified, and signed Joseph Howard & Son; they are notes creating and giving the personal liability of the makers. This position is scarcely disputed by the appellant. (See *Fenly* v. *Stewart*, 5 Sand. S. C. R., 101; *Pentz* v. *Stanton*, 10 Wend., 271; *Evans* v. *Wells*, 22 Wend., 324; Edwards on Notes, 83; Story on Prom. Notes, 368.)

The defendant seeks to avoid the result by the claim that the plaintiff having elected in the first instance to hold liable all the associates in the line, by bringing his suit against all of them, as dormant partners, is precluded from withdrawing from that position and seeking redress against the Howards alone. It is not necessary to decide the legal question thus presented, as the facts upon which it is assumed do not exist here. It cannot be claimed that a plaintiff, who by mistake includes in his complaint persons who are under no circumstances liable for his debt, is precluded from amending or discontinuing and pursuing his action against the party actually liable. The claim is that a creditor, on discovering that there

are dormant partners, has the option of joining the dormant partners or of suing the debtors separately, and that if he elects to sue both, he cannot afterward abandon as against the dormant partner, and continue his suit against the other. In the case before us, there is no partnership, whatever, except that of Howard & Son. Mr. Morgan, Mr. Vanderbilt and the others were several owners of their respective vessels, having no community of interest in the profits or losses. I have already discussed this point. The present is the case simply of an erroneous joinder of defendants, who were never responsible for the debt. By the order of the court, the plaintiff was permitted to discontinue as to all except the Howards. This order stands unreversed, and, so far as I can perceive, was correctly and wisely made.

I think the judgment was properly reversed, and that the order appealed from should be affirmed. Judgment absolute should be ordered against defendant, with costs.

All concur.

Order affirmed and judgment accordingly.